SUMMARY ORDER

Petitioner Chang Ming Wang, a native and citizen of the People’s Republic of China, seeks review of an April 15, 2008 order of the BIA affirming the June 5, 2006 decision of Immigration Judge (“IJ”) Robert D. Weisel denying Wang’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Chang Ming Wang, No. A98 255 895 (B.I.A. Apr. 15, 2008), aff'g No. A98 255 895 (Immig. Ct. N.Y. City June 5, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Passi v. Mukasey, 535 F.3d 98, 101 (2d Cir.2008).
Substantial evidence supports the IJ’s determination that Wang was not credible. As the IJ properly found, while Wang testified that he began practicing Falun Gong in China in August 2003, he failed to make any such assertion in his asylum application. Additionally, the IJ properly found that this testimony was inconsistent with the letter from his sister asserting that he learned the practice of Falun Gong in the United States. Though not required by the applicable statute, see 8 U.S.C. § 1158(b)(l)(B)(iii), these discrepancies went to the heart of Wang’s claim that he was persecuted by the Chinese government because he harbored a Falun Gong practitioner and kept Falun Gong materials. See Cheng Tong Wang v. Gonzales, 449 F.3d 451, 453 (2d Cir.2006) (per curiam) (holding that an adverse credibility finding was properly based on an applicant’s failure to allege his wife’s forced sterilization in his asylum application where the basis of his asylum claim was his opposition to China’s family planning program).
Additionally, the IJ did not err in finding implausible Wang’s assertion that the authorities sought his arrest for harboring a wanted Falun Gong practitioner and keeping Falun Gong materials, but did not target his parents, even though they lived in the same house. See Ying Li v. BCIS, 529 F.3d 79, 82-83 (2d Cir.2008) (reviewing the entire record to evaluate an applicant’s overall account when assessing a credibility determination based partly on an implausibility).
Under the REAL ID Act, the IJ was entitled to rely on the cumulative effect of the discrepancies he identified to find that Wang was not credible. See 8 U.S.C. § 1158(b)(l)(B)(iii); Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008) (per curiam). Because Wang has not shown that a reasonable adjudicator would have been compelled to find him credible, we cannot conclude that the IJ’s adverse credibility determination was erroneous. See 8 U.S.C. § 1252(b)(4)(B). Moreover, because the only evidence of a threat to Wang’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief, where all of his claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
*622 Wang challenges the BIA’s conclusion that his failure to testify regarding his family planning claim constituted a waiver of that claim before the IJ. That argument is unavailing. Wang was required not only to exhaust the categories of relief he sought, 8 U.S.C. § 1252(d)(1), but also to raise to the agency the specific issues he now raises in this Court, see Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004) (per curiam). As the BIA found, Wang, who was represented by counsel before the IJ, failed to offer any testimony regarding his family planning claim at his hearing. When asked on direct examination how he was persecuted by the Chinese government, he replied, “Because I practice Falun Gong and I also help hide some Falun Gong members.” Wang’s failure to offer testimony regarding his family planning claim deprived the agency and this Court of a full record regarding that claim. Cf. Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 107 n. 1 (c) (2d Cir.2007) (“[E]ven a court that would be inclined to accept a government waiver of issue exhaustion may not do so in the absence of a fully-developed record that would allow review of the unexhausted issues by this court and the BIA without further findings .... ”). Accordingly, we conclude that the BIA properly ruled that Wang waived his family planning claim before the IJ.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).